UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Olee Wonzo Robinson, #08186-039, | ) C/A No. 3:10-2289-SB-JRM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Mary M. Mitchell, Warden FCI Edgefield, | ) |
| Respondent. | ) |

Petitioner is a federal prisoner at FCI-Edgefield. He is serving a sentence of life imprisonment for engaging in a continuing criminal enterprise (CCE) and drug-related homicide. On December 22, 1993, Petitioner was convicted in the United States District Court for the Eastern District of Michigan, pursuant to a jury's verdict. *United States v. Robinson*, No. 4:93-cr-50028-PVG-SDP-1 (E.D. Mich). On April 26, 1994, the Honorable Paul V. Gadola, United States District Judge, sentenced Petitioner to life imprisonment on the CCE and drug-related homicide offenses, and lesser concurrent sentences for several other drug-related offenses. On direct appeal, the United States Court of Appeals for the Sixth Circuit affirmed the convictions and sentences. *United States v. Robinson,* 96 F.3d 1449 (6th Cir 1996)(Table)(reported in full-text format at 1996 U.S. App. LEXIS 25346 (6th Cir. Sept. 5, 1996)). Petitioner filed six motions for new trial on various grounds, between May 1995 and November 2002, all of which were denied by the district court in April 2005. *United States v. Robinson*, 366 F. Supp. 2d 498 (E.D. Mich. 2005). Plaintiff appealed the district court's order to the Sixth Circuit, which affirmed the denial of his motions for new trial, in July 2008. *United States v. Robinson*, 290 Fed. Appx. 769 (6th Cir. 2008).

1

In April 1998, in the District Court for the Eastern District of Michigan, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, which attacked the validity of his conviction. In May 1998, the district court construed the petition as a motion to vacate Petitioner's sentence under 28 U.S.C. § 2255. Petitioner's § 2255 motion was denied in December 1998 and Petitioner was also denied a certificate of appealability under 28 U.S.C. § 2253, in January 1999.[1] Petitioner petitioned the Sixth Circuit for a writ of mandamus to grant a certificate of appealability or, in the alternative, to permit him to file a new habeas action in the district court. His petition was denied on December 5, 2001. Sixth Circuit Order Den. Pet. for Writ of Mandamus, *United States v. Robinson*, No. 4:93-cr-50028-PVG-SDP (E.D. Mich. Dec. 5, 2001), ECF No. 485.[2]

---

[1] The grounds asserted by Petitioner in this first (April 1998) § 2255 motion were that: the composition of his jury venire failed to represent a fair cross-section of the community, in violation of *United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998), and the government violated the Jencks Act with respect to providing him with statements made by prosecution witnesses.

[2] The undersigned takes judicial notice of Petitioner's prior district and circuit court proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"); *see, e.g., Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)(same); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980) (federal courts may take judicial notice of proceedings in other courts of record) (citation omitted); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue")(citations omitted). The undersigned also takes judicial notice of factual information located on the dockets in Petitioner's district and circuit court cases, as posted on government websites. *See McCormick v. Wright*, No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5(D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by *McCormick v. Wright*, 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008)(noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008)(noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

2

Petitioner has filed at least four other habeas petitions, subsequent to the filing of his initial § 2255 motion. In 1998, while Petitioner's first § 2255 motion was still pending in the Eastern District of Michigan, Petitioner filed a § 2241 petition in the Sixth Circuit, claiming entitlement to relief because of an invalid grand jury indictment and alleged violations of the Speedy Trial Act. Meanwhile, he also filed a § 2241 petition in the United States District Court for the Southern District of Indiana, where he was incarcerated. On October 27, 1998, the Indiana district court held that the action was properly construed as a § 2255 motion to vacate his sentence and dismissed the petition on the ground that it lacked jurisdiction to review Petitioner's challenges to his conviction. *Robinson v. Clark*, No. IP98-C-1439-T/G (S.D.Ind.). The Sixth Circuit also dismissed Petitioner's § 2241 petition, construing it as a § 2255 motion and noting that Petitioner already had a § 2255 motion pending in the district court. Sixth Circuit Order, *United States v. Robinson*, No. 4:93-cr-50028-PVG-SDP (E.D. Mich.), ECF No. 434. In June 2000, Petitioner filed a § 2241 petition in the United States District Court for the Western District of Tennessee, where he was incarcerated, claiming error in the racial composition of juries in the Eastern District of Michigan. The Tennessee district court construed the habeas petition as a successive § 2255 motion, disguised as a habeas petition in an attempt to circumvent the successive motion limits of the AEDPA, dismissed the petition and transferred the motion, under 28 U.S.C. § 2244(b)(3), to the Sixth Circuit, where the motion was dismissed, on August 24, 2000, for want of prosecution. *Robinson v. Young*, No. 2:00-cv-2534-BBD (W.D.Tenn.), ECF No. 2. In 2001, in the Eastern District of Michigan, Petitioner sought release on bail while his post-conviction proceedings were pending. Petitioner's motion for writ of habeas corpus in that instance was denied by the district court on September 5, 2001. Order, *United States v. Robinson*, No. 4:93-cr-50028-PVG-SDP (E.D. Mich.), ECF No. 484.

Petitioner alleges in the instant Petition that, in September 2001, after becoming aware of the United States Supreme Court decision in *Richardson v. United States*, 526 U.S. 813 (1999), he sought permission from the Sixth Circuit, pursuant to § 2244(a)(3), to file a successive § 2255 motion. Petitioner asserted that he satisfied the "gatekeeping provision" of § 2255(h) in that his motion was based on

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)

In April 2002, the Sixth Circuit, finding that Petitioner did not meet the "gatekeeping provision," denied his request, stating

> Robinson's reliance on *Richardson* is unavailing. The Supreme Court has not held that the rule of constitutional law set forth in *Richardson* applies retroactively. *Tyler v. Cain*, 121 S.Ct. 2478, 2482 (2001)(holding that a petitioner may obtain relief on a second or successive § 2255 motion based upon a new rule of constitutional law only where the Supreme Court has specifically held that the rule applies retroactively to cases on collateral review). As Robinson's argument does not satisfy the requirements of § 2255, he has not made a prima facie showing that he is entitled to a motion to vacate. Therefore, we deny Robinson's request seeking permission to filed a second § 2255 motion in the district court.

(Entry 1 at 44)

Now, Petitioner brings this § 2241 petition invoking the "savings clause" of § 2255(e), alleging that he is entitled to seek relief in the instant action, pursuant to § 2241, to challenge the imposition of his sentence, because § 2255 is "inadequate or ineffective to test the legality of his

4

detention." Petitioner alleges that § 2255 is inadequate or ineffective in his situation on two grounds: (1) he is "legally, factually and actually innocent under the 848 CCE Statute and under the Federal Constitution in light of *Richardson v. United States*, 119 S.Ct. 1707 (1999)" ( Entry 1 at 1, 10; *see also* 15-16, 48-54, 58-60, 63,66-71); and (2) the Sixth Circuit's order denying his request for permission to file a second § 2255 petition was "a fraudulent court order, falsely claiming that *Richardson* was not retroactive," which was perpetrated by the court's Deputy Clerk, who "is accepting bribes from a rogue government prosecutor, and a trial attorney to obstruct justice." (Entry 1 at 10; *see also* 44-47, 51-52, 54-58, 66-67).

## *PRO SE* HABEAS REVIEW

Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Antiterrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When

5

a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, it plainly appears from the Petition that Petitioner is not entitled to relief in this Court. Accordingly, the Petition submitted in this case should be summarily dismissed.

## **DISCUSSION**

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, at *3 (4th Cir. Sept. 7, 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he demonstrates that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing. The fact that Petitioner did not prevail in his prior § 2255 actions

6

does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to meet the required showing set forth in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Fourth Circuit held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

At the time of Petitioner's conviction, settled law in the Fourth and Sixth Circuits and the Supreme Court established the legality of his CCE conviction, as required by *Jones*' first criterion. Petitioner alleges that *Richardson* changed the substantive law of CCE in a manner that satisfies the second criterion of *Jones*, *i.e.* "such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this is not true, as the Sixth Circuit stated in *Paulino v. United States*, 352 F.3d 1056 (6th Cir. 2003)

> *Richardson* does not render defendants who were convicted of conducting a CCE "not guilty," or "actually innocent," merely because the trial court gave instructions that did not comply with the rule announced therein (as was the case, it appears, at Appellant's trial); at most, it requires a new trial. . . . [Appellant] is not entitled to relief on his successive motion for the reasons stated above, and, returning to the immediate point, he is not entitled to relief under § 2241 because he has not made a showing that he was actually innocent.

*Paulino*, 352 F.3d at 1061. *See also Underwood v. Hogsten*, 251 Fed. Appx. 770, 771 (3rd Cir 2007) ("[in *Richardson*] the Court merely held that the jury in a CCE case must unanimously agree

7

not only that the defendant committed some 'continuing series of violations' but also that he committed each of the individual violations necessary to make up that 'continuing series.' The holding has no bearing on whether [the defendant's] actions violated the CCE statute; 'he cannot advance a non-frivolous claim that, after *Richardson*, he is actually innocent of conducting a criminal enterprise.'", (quoting *Kramer v. Olson*, 347 F.3d 214, 219 (7th Cir. 2003)); *Stephens v. Herrera*, 464 F.3d 895, 899 (9th Cir. 2006) ("A *Richardson* claim is not, by itself, a claim of actual innocence. Rather, it is a claim that the jury has not been told that § 848 requires unanimous agreement on the three particular acts comprising the "series of violations." A jury might conceivably convict an innocent person of violating § 848 because of an instruction given in violation of *Richardson*, but the mere fact of an improper instruction is not sufficient to meet the test for actual innocence."); *Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003) (As the conduct necessary to show a CCE offense is the same post-*Richardson*,"a *Richardson* claim is not the type of defect that opens the portal to a § 2241 proceeding."); *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (*Richardson* "has no effect on whether the facts in [the] case would support [petitioner's] conviction for a substantive offense," such that petitioner could not show he was convicted for conduct that did not constitute a crime).

Petitioner's reliance on the new rule announced in *Richardson* also fails to satisfy *Jones's* third criterion, *i.e.* that "the prisoner cannot satisfy the 'gatekeeping provisions' of § 2255 because the new rule is not one of *constitutional law*" (emphasis added). It has been settled, since 2005, when the United States Supreme Court decided *Dodd v. United States*, 545 U.S. 353 (2005), that *Richardson* is a rule of constitutional law which has retroactive application to cases on collateral review. As such, in *Dodd*, the Supreme Court recognized that *Richardson* could be used to satisfy

the "gatekeeping provision" of § 2255(h)(2), thus enabling a prisoner to make a valid prima facie claim that he or she is entitled to receive permission from a court of appeals to file a second or successive § 2255 motion, based on an alleged violation of the right that was initially recognized by the Supreme Court in *Richardson* in 1999.[3] In so doing, however, the Supreme Court foreclosed a prisoner's ability to use a *Richardson* violation to satisfy the "savings clause" of § 2255(e) so as to make a valid prima facie claim that he or she is entitled to file a habeas petition pursuant to § 2241. In other words, *Dodd* closed *Richardson* as a portal of the "savings clause" for gaining access to

---

[3]*Dodd* acknowledged that, because of the AEDPA's one-year statute of limitations on all § 2255 motions, second or successive motions that attempt to rely on new rules of constitutional law will very rarely be allowed, as a practical matter. *Richardson* was decided on June 1, 1999. It was not until June 20, 2005, that the Supreme Court acknowledged, in *Dodd*, that *Richardson* had retroactive application. In doing so, the Supreme Court held that, for purposes of the AEDPA's one-year statute of limitations in § 2255, a petitioner must file his § 2255 motion within one year of the date on which the right he asserts was initially recognized by the United States Supreme Court, *not* within one year of the date on which the right was made retroactive. The Supreme Court stated

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief. The limitation period in ¶ 6(3) applies to "all motions" under § 2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion. An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255, ¶ 8(2). Dodd points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year. Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted.

*Dodd*, 545 U.S. at 359-60.

9

§ 2241, when it added *Richardson* as a portal of the "gatekeeping provision" for gaining access to a second or successive § 2255.

The evolving *Richardson* case law in the United States Supreme Court and the Sixth Circuit is at the root of Petitioner's specious, conclusory allegation that the Sixth Circuit's April 2002 order denying his request for permission to file a second § 2255 motion was fraudulent. Petitioner misunderstands and misstates the Sixth Circuit's holding in *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000) and erroneously asserts that the case "granted a prisoner permission to file a second 28 U.S.C. § 2255 advancing a *Richardson* type error." (Entry 1 at 55). In fact, the *Murr* case concerned a prisoner's first § 2255 motion, not a second or successive § 2255 motion. More importantly in terms of its applicability to Petitioner's case, as the Sixth Circuit more fully explained in *Paulino v. United States*, 352 F.3d 1056 (6th Cir. 2003), the *Murr* decision held that *Richardson* should apply retroactively, not because it announced a new rule of constitutional law, but because it announced a new rule of statutory construction. Furthermore, after *Murr* was decided, but before Petitioner's request to file a second § 2255 motion was considered by the Sixth Circuit, the United States Supreme Court decided *Tyler v. Cain*, 533 U.S. 656 (2001), which the Sixth Circuit cited as controlling authority in its order in Petitioner's case. *Tyler* held that § 2244(b)(2)(a)'s "gatekeeping provision" concerning second and successive habeas applications filed under § 2254 by state prisoners (which is substantially similar to § 2255's "gatekeeping provision" for second and successive § 2255 motions filed by federal prisoners), *i.e.* that "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," is satisfied *only* if the Supreme Court, *itself* - not the various circuit courts of appeal or district courts - has held that the new rule is retroactively

10

applicable to cases on collateral review. This distinction between whether a petitioner relies on a new rule of *statutory law*, or a new rule of *constitutional law*, was drawn implicitly in Petitioner's case, and drawn explicitly by the Sixth Circuit in *Paulino*.[4] At the time that Petitioner attempted to use *Richardson* to gain access through § 2255's "gatekeeping provision" for his second § 2255 motion, *Richardson* had not yet been recognized by the Supreme Court as a new rule of constitutional law. In 2005, *Richardson* was recognized as such by the Supreme Court in *Dodd,* but this change in the case law came too late for Petitioner to avail himself of *Richardson*'s newly

---

[4]In *Paulino*, the Sixth Circuit considered an "Appellant . . .[who] perceives himself to be on the horns of a dilemma, owing in no small part to the Supreme Court's holding in *Tyler*, 533 U.S. at 662 (decided after this Court's certification of Appellant's successive motion), that it and only it can say when a newly recognized rule of constitutional law is to apply retroactively for purposes of allowing a sentenced defendant to bring a successive collateral attack on his or her sentence." *Paulino*, 352 F.3d at 1058. The Sixth Circuit explained:

> Recognizing further that the *Richardson* Court did not state that the statutory clarification it made in that case was to apply retroactively, such that, under *Tyler*, the rule announced in *Richardson* could not be applied to his case retroactively, despite our statement in *Murr* that it should, Appellant turns about face from the argument he proffered when he moved this Court to certify his successive motion, and argues that *Richardson* was not a constitutional case at all, but was, rather, a case about substantive statutory interpretation. (*Id.* at 20-21.) Supposedly, this argument advances his cause because, of course, the general rule of statutory interpretation is that novel interpretations of substantive statutes always apply retroactively, with the understanding that a statute means what it says from the date of its enactment. *See, e.g., Rivers v. Roadway Express*, 511 U.S. 298 (1994); *Murr*, 200 F.3d at 905-06. Thus, Appellant argues, *Murr* remains good law after all, insofar as it held that *Richardson* is to apply retroactively, and that, under *Richardson*, the district court's instructions were erroneous as a matter of substantive, not constitutional, law. In light of *Richardson*, Appellant is correct that the district court's jury instructions were erroneous. Nevertheless, relief under § 2255 is not available at this juncture. . . . Because Appellant not only acknowledges, but outright emphasizes, that "the requirements" for his obtaining relief in a successive § 2255 motion, to wit: the existence of a new rule of constitutional law, are not met in this case (Appellant's Br. at 20-22), the district court's order dismissing his motion will be affirmed.

*Paulino*, 352 F.3d at 1058-60

11

recognized status for purposes of filing a second or successive § 2255 motion. Since 2005, *Richardson's* recognized status as a rule of constitutional law has precluded its use as a basis for filing a § 2241 petition. In any event, as noted above, numerous circuit courts have agreed with the Sixth Circuit that *Richardson* does not render defendants who were previously convicted of conducting a CCE "not guilty," or "actually innocent," for purposes of either § 2255 or § 2241. Thus, Petitioner's reliance on *Richardson* continues to be unavailing.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

October 18, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).