IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
AC. CLERK. CHARLESTON. SC

2011 APR -7 P 1: 17

| | |
|---|---|
| Olee Wonzo Robinson, #08186-039, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Mary M. Mitchell, Warden | ) |
| FCI Edgefield, | ) |
| | ) |
| Respondent. | ) |

Civil Action No. 3:10-2289-SB

**ORDER**

This matter is before the Court upon Olee Wonzo Robinson's ("the Petitioner" or

"Robinson") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The

record contains the report and recommendation ("R&R") of a United States Magistrate

Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule

73.02(B)(2)(a). In the R&R, the Magistrate Judge recommends that the Court dismiss the

petition without prejudice and without requiring the Respondent to file a response.  The

Petitioner filed timely objections to the R&R as well several motions for his immediate

release from federal custody.

## BACKGROUND

On November 5, 1993, a grand jury in the Eastern District of Michigan returned a

fourteen-count superseding indictment, charging the Petitioner with multiple offenses,

including conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(A), and 846; drug-related homicide and aiding and abetting in

drug-related homicide, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; making

false statements to a federally-insured institution, in violation of 18 U.S.C. § 1014;

laundering of monetary instruments and aiding and abetting in the same, in violation of 18



U.S.C. §§ 1956 and 2; engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848; being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); structuring financial transactions to evade reporting requirements and aiding and abetting in the same, in violation of 31 U.S.C. § 5324(3) and 18 U.S.C. § 2; and the distribution of cocaine and aiding abetting in the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The Petitioner's trial began on November 8, 1993, and ended on December 22, 1993, when the jury returned a guilty verdict on all counts.

On April 26, 1994, the Honorable Paul V. Gadola sentenced the Petitioner to terms of life imprisonment on the CCE and drug-related homicide convictions, and to lesser sentenced on the other convictions, all to run concurrently.  United States v. Robinson, 4:93-cr-50028-PVG-SDP-1 (E.D. Mich.).  In 1995, the Petitioner filed a direct appeal, but a panel of the Sixth Circuit Court of Appeals affirmed his convictions and sentences on September 5, 1996.  United States v. Robinson, 96 F.3d 1449 (6th Cir. 1996) (table).  The Petitioner then filed six motions for a new trial on various grounds between May of 1995 and November of 2002; the district court denied all of them.  United States v. Robinson, 366 F. Supp. 2d 498 (E.D. Mich. 2005).  The Petitioner appealed the district court's order, but in July of 2008 the Sixth Circuit affirmed the denial of the Petitioner's motions.  United States v. Robinson, 290 F. App'x 769 (6th Cir. July 23, 2008) (unpublished).

In April of 1998, the Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Michigan.  In May of 1998, the district court construed the petition as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The district court denied the section 2255 motion in December 1998, and the Petitioner was denied a certificate of appealability.  The Petitioner petitioned the Sixth Circuit for a

2

writ of mandamus to grant a certificate of appealability, or in the alternative, to permit him to file a new habeas action in the district court. The Sixth Circuit denied his petition on December 5, 2001. United States v. Robinson, No. 4:93-cr-50028-PVG-SDP (E.D. Mich. Dec. 5, 2001), ECF Entry Number 485.[1]

In addition, the Petitioner has filed at least four other habeas petitions subsequent to filing his initial section 2255 motion. First, in 1998, while his initial section 2255 motion was pending, the Petitioner filed a section 2241 petition in the Sixth Circuit, claiming relief because of an invalid grand jury indictment and alleged violations of the Speedy Trial Act. The Sixth Circuit dismissed the petition, construing it as a section 2255 motion and noting that the Petitioner already had a section 2255 motion pending. United States v. Robinson, No. 4:93-cr-50028-PVG-SDP (E.D. Mich.) ECF Entry Number 434.

Meanwhile, the Petitioner also filed a section 2241 petition in the United States District Court for the Southern District of Indiana, where he was incarcerated at the time. On October 27, 1998, the Indiana district court held that the action was properly construed as a section 2255 motion and dismissed the motion on the ground that it lacked jurisdiction to review his conviction. Robinson v. Clark, No. IP98-C-1439-T/G (S.D. Ind.).

Then, in June of 2000, the Petitioner filed a section 2241 petition in the United States District Court for the Western District of Tennessee, where he was incarcerated, claiming error in the racial composition of juries in the Eastern District of Michigan. The Tennessee court construed the petition as a successive section 2255 motion and transferred it, pursuant to 28 U.S.C. § 2244(b)(3) to the Sixth Circuit, where the motion was

---

[1] As the Magistrate Judge noted in footnote 2, the Court may take judicial notice of the Petitioner's other prior district and circuit court proceedings.

ultimately dismissed on August 24, 2000, for want of prosecution. Robinson v. Young, No. 2:00-cv-2534-BBD (W.D. Tenn.) ECF Entry No. 2.

In 2001, in the Eastern District of Michigan, the Petitioner sought release on bail while his post-conviction proceedings were pending. The district court denied this petition for a writ of habeas corpus on September 5, 2001. United States v. Robinson, No. 4:93-cr-50028-PVG-SDP (E.D. Mich) ECF Entry Number 484.

In September of 2001, the Petitioner sought permission from the Sixth Circuit, pursuant to 28 U.S.C. § 2244(a)(3), to file a second or successive section 2255 motion based on the United States Supreme Court's decision in Richardson v. United States, 526 U.S. 813 (1999). In April of 2002, the Sixth Circuit found that the Petitioner did not meet the "gatekeeping provision" of section 2255(h) and denied his request, stating:

> Robinson's reliance on Richardson is unavailing. The Supreme Court has not held that the rule of constitutional law set forth in Richardson applies retroactively. Tyler v. Cain, 121 S.Ct. 2478, 2482 (2001) (holding that a petitioner may obtain relief on a second or successive § 2255 motion based upon a new rule of constitutional law only where the Supreme Court has specifically held that the rule applies retroactively to cases on collateral review).
>
> As Robinson's argument does not satisfy the requirements of § 2255, he has not made a prima facie showing that he is entitled to a motion to vacate. Therefore, we deny Robinson's request seeking permission to filed a second § 2255 motion in the district court.

(Entry 1-2 at 50.)

On September 1, 2010, the Petitioner, who is currently housed at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"), filed the instant section 2241 petition, asserting:

> Petitioner Robinson is legally, factually, and actually innocent under the 848 CCE Statute and under the Federal Constitution in light of Richardson v.

4

*United States* 119 S.Ct. 1707 (1999), and has established a both cause and prejudice, and his right to relief by this court under the § 2241 Pursuant to the *Gate Keeping Provisions of the Anti-Terrorism and Death Penalty Act*, because Deputy Clerk Janice Yates at the Sixth Circuit is accepting bribes from a rogue government prosecutor, and a trial attorney to obstruct justice, committed judicial fraud and federal crimes upon Robinson and the Courts, which procedurally barred his 848 CCE *Richardson* claim from being adjudicated by the court, based on a fraudulent court order, falsely claiming that *Richardson* was not retroactive, rendered the § 2255 inadequate to test the legality of his detentions.

(Entry 1 at 10.)

## STANDARD OF REVIEW

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R.  28 U.S.C. § 636(b)(1).  Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for such objection.  Id.

## DISCUSSION

As the Magistrate Judge noted, federal prisoners must pursue post-conviction relief by filing a motion pursuant to 28 U.S.C. § 2255, but section 2255 contains a "savings clause" that allows federal prisoners to proceed under section 2241 when a motion under section 2255 would prove "inadequate or ineffective" to test the legality of the detention.[2]

---

[2] The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

A section 2255 motion is "inadequate or ineffective" when three criteria are met:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and the first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In the R&R, the Magistrate Judge analyzed the Petitioner's claims and determined that he failed to demonstrate that the relief available to him under section 2255 is inadequate or ineffective. The Magistrate Judge noted that, at the time of his convictions, settled law of the Fourth and Sixth Circuits, as well as of the Supreme Court, established the legality of the convictions, satisfying the first Jones criterion. However, the Magistrate Judge determined that the Petitioner failed to satisfy the second Jones criterion because a Richardson claim is not the type of claim to open the portal to a section 2241 proceeding.[3] See, e.g., Sawyer v. Holder, 326 F.3d 1363 (11th Cir. 2003) (explaining that Richardson does not render CCE offenses nonexistent because Richardson merely clarified the standard by which a jury must find defendants guilty of those offenses). Finally, with respect to the third Jones criterion, the Magistrate Judge noted that it has been settled law since 2005, when the Supreme Court decided Dodd v. United States, 545 U.S. 353 (2005), that Richardson is a rule of constitutional law that has retroactive application



---

28 U.S.C. § 2255(e).

[3] In Richardson, the Supreme Court held that a jury must agree unanimously that a defendant is guilty of each of the specific violations that together constitute the continuing criminal enterprise. Richardson v. United States, 526 U.S. 813, 815 (1999).

6

to cases on collateral review; but as the Court noted in <u>Dodd</u>, a petitioner seeking to benefit

from <u>Richardson</u> had one year from June 1, 1999, within which to file a timely section 2255

motion. <u>Id.</u> at 360. In other words, as the Magistrate Judge stated, <u>Dodd</u> closed

<u>Richardson</u> as a portal of the "savings clause" for gaining access to a section 2241 petition

by adding <u>Richardson</u> as a portal of the "gatekeeping provision" for gaining access to a

second or successive section 2255 motion.[4]

---

[4] In <u>Dodd</u>, the Court acknowledged that second or successive section 2255 motions (that rely on new rules of constitutional law) will rarely survive the AEDPA's one-year statute of limitations for all section 2255 motions. The Court stated:

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief. The limitation period in ¶ 6(3) applies to "all motions" under § 2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion. An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255, ¶ 8(2). Dodd points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.

> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted. "[W]hen the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms." <u>Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.</u>, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (internal quotation marks omitted). <u>See also Tyler v. Cain</u>, 533 U.S. 656, 663, n. 5, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) ("[E]ven if we disagreed with the legislative decision to establish stringent procedural requirements for retroactive application of new rules, we do not have license to question the decision on policy grounds"). The disposition required by the text here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes



7

In his objections, the Petitioner rehashes his claims and asserts that the R&R distorts the facts and his the substance of his claims. He contends that he is legally, factually, and actually innocent of the CCE conviction based on the Supreme Court's decision in <u>Richardson</u>, and he again claims that the Sixth Circuit Deputy Clerk perpetrated a fraud on him when, in April of 2002, she denied his request to file a second or successive section 2255 motion based on <u>Richardson</u>. The Petitioner asserts that it would be a fundamental miscarriage of justice for the Court to adopt the R&R and dismiss his petition.

After a thorough review of the record, including the Petitioner's various filings and the R&R, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and incorporates it herein by specific reference.

Here, as the Magistrate Judge determined, the Petitioner has failed to demonstrate that section 2255 is inadequate or ineffective insofar as he has failed to establish the criteria set forth by the Supreme Court in <u>Jones</u>. Contrary to his assertions, <u>Richardson</u> does not render him actually innocent of his CCE conviction. Furthermore, the Court agrees with the Magistrate Judge that the evolving <u>Richardson</u>-related case law in the Sixth Circuit and the Supreme Court forms the basis of the Petitioner's conclusory and specious allegation that the Sixth Circuit Deputy Clerk perpetrated a fraud on him "by falsely stating that <u>Richardson</u> was not retroactive." When the Sixth Circuit Deputy Clerk denied the Petitioner's request for authorization to file a second or successive section 2255 motion,



---

that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.

<u>Dodd</u>, 545 U.S. at 359-60.

the Supreme Court had not yet recognized Richardson as a new rule of constitutional law.

In Murr v. United States, 200 F.3d 895, 905 (6th Cir. 2000), the Sixth Circuit held that

Richardson should apply retroactively because it sets forth substantive law (and not

because it announced a new rule of constitutional law).  However, after Murr, but before

the Petitioner filed his request for authorization to file a second or successive section 2255

motion, the United States Supreme Court decided Tyler v. Cain, where the Court noted that

the existence of a new rule of constitutional law is a "prerequisite [ ] to obtaining relief in

a second or successive motion" and, more importantly, that a "new rule becomes

retroactive, not by the decisions of the lower court or by the combined action of the

Supreme Court and the lower courts, but simply by the action of the Supreme Court." 533

U.S. 656, 663 (2001).[5]  Finally, as the Magistrate Judge explained, in Dodd, the Court

recognized that an individual seeking to benefit from Richardson had one year from June

1, 1999, within which to file a timely section 2255 motion.  Importantly, when the Petitioner

filed his request for authorization to file a second or successive section 2255 motion in

September of 2001, his time for raising the Richardson claim had already expired.[6]  (Entry

---

[5]  When the Sixth Circuit denied the Petitioner's request to file a second or successive section 2255 motion, the Court cited Tyler and noted that the Supreme Court had not held that the rule of constitutional law in Richardson applied retroactively to cases on collateral review.  (See Entry 1-2 at 50.)



[6]  In his filings, the Petitioner asserts that the Sixth Circuit granted another inmate's motion for authorization to file a second or successive section 2255 motion raising a Richardson claim.  In re Larry Dean Dusenberry, No. 00-3286, slip op. at 1 (6th Cir. June 16, 2001); see also Dusenberry v. United States, 2000 WL 33964135 (N.D. Ohio Oct. 31. 2000).  First, it appears that Dusenberry filed his motion for authorization to file a second or successive section 2255 motion within one year of the Supreme Court's decision in Richardson.  In any event, the Court believes that even if the Sixth Circuit erred in treating the Petitioner differently from Dusenberry (or from any other petitioner at the time), such error, assuming there to be one, would not justify the Petitioner to relief in this case.  First,

1-2 at 83.)

Lastly, the Court is not convinced by the Petitioner's claims that he is "actually" or "factually" innocent (presumably based on the lack of evidence presented at his trial and/or the contradictory nature of the evidence presented at his trial). It is clear from the Petitioner's myriad filings that he has had the opportunity to raise these claims, and the mere fact that he has been unsuccessful does not now warrant him to relief pursuant to section 2241. See United States v. Robinson, 366 F. Supp. 2d 498 (adopting the Magistrate Judge's report and recommendation and finding, among other things: that Robinson was not entitled to an evidentiary hearing on the basis of his counsel's alleged conflict of interest; that Robinson had not established a Brady violation based on the alleged suppression of Edward Osborne's statements; that even if Osborne gave conflicting evidence, a retrial would not likely produce an acquittal; that Robinson's allegations of prosecutorial misconduct were without merit; that Robinson offered no evidence to show that the prosecutor instructed a witness to commit perjury; that Robinson failed to show that any alleged false testimony could have affected the judgment of the jury; and that Robinson failed to show that the government violated the Jencks act by failing to produce Bowling and Osborne's prior statements).

Section 2241 is not a mere substitute for section 2255, and the inadequacy or

as previously mentioned, when the Petitioner filed his request for authorization to file a second or successive section 2255 motion, more than one year had passed since the Supreme Court decided Richardson. Dodd makes it clear that the Petitioner's request for authorization came too late. Moreover, as explained within this order, although the Petitioner may be time-barred from presenting his Richardson claim under section 2255, he has not shown that section 2255 is "inadequate or ineffective" to test the legality of his detention, such that he should be permitted to invoke the "savings clause" and proceed pursuant to section 2241.

inefficacy requirement of the savings clause is stringent.  Here, the Court finds that the Petitioner's reliance on <u>Richardson</u> is unavailing, and furthermore, that the Petitioner has failed to demonstrate that he is entitled to proceed pursuant to section 2241.[7]

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 6) is adopted and incorporated herein by specific reference; the Petitioner's objections (Entries 8 and 9) are overruled; the Petitioner's motions for immediate release (Entries 10, 11, and 12) are denied; and this matter is dismissed without prejudice and without requiring the Respondent to file a response.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April _5_, 2011
Charleston, South Carolina



_____

[7] Moreover, the Court notes that even if it were to liberally construe the instant petition as a motion filed pursuant to section 2255, which undoubtedly would be untimely, the Court nevertheless would be without jurisdiction to entertain it since a section 2255 motion must be filed in the federal court in which the petitioner was convicted and sentenced.

11